19-1119
Zheng v. Garland

BIA
Hom, IJ
A205 438 325

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of December, two thousand twenty-one.

PRESENT:
SUSAN L. CARNEY,
JOSEPH F. BIANCO,
     *Circuit Judges.**

_____

JINRONG ZHENG,
     *Petitioner*,

     **v.**             **19-1119**

                             **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
     *Respondent*.

_____

FOR PETITIONER:     Marta Bachynska, Law Offices of Yevgeny Samokhleb, P.C., New York, NY.

---

\* Judge Robert A. Katzmann, originally a member of the panel, died before this order issued. The two remaining panelists, who are in agreement, have determined the matter. *See* 2d Cir. IOP E(b).

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General; John S. Hogan, Assistant Director; Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jinrong Zheng, a native and citizen of the People's Republic of China, seeks review of an April 11, 2019 decision of the BIA affirming a September 8, 2017 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Jinrong Zheng,* No. A 205 438 325 (B.I.A. Apr. 11, 2019), *aff'g* No. A 205 438 325 (Immig. Ct. N.Y. City Sept. 8, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of justice,* 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018). Upon such review,

we find no error in the agency's conclusion that Zheng failed to carry his burden of proof as to his claim that he was arrested, detained, and beaten for practicing Catholicism in China.

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. . . . Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). That is, even absent an adverse credibility determination, a lack of corroboration may provide an independent basis for the denial of relief if the agency identifies reasonably available evidence that should have been presented. *See id.* §§ 1158(b)(1)(B)(ii), 1252(b)(4); *Chuilu Liu v. Holder*, 575 F.3d 193, 196–97 (2d Cir. 2009). Before denying a claim solely on an applicant's

failure to provide corroborating evidence, however, the IJ must "(1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation given." *Wei Sun*, 883 F.3d at 31. Advance notice of the need for specific corroboration and an opportunity to gather the evidence are not required, because "the alien bears the ultimate burden of introducing such evidence without prompting from the IJ." *Id.* (quoting *Chuilu Liu*, 575 F.3d at 198). Where the IJ has identified the missing evidence, we may reverse the agency's decision only if "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4); *see Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011).

Here, the agency clearly identified the missing evidence that it sought: letters from Zheng's uncle and parents to corroborate that he was arrested and detained along with his uncle, that his mother paid a bribe for his release, and that authorities continue to look for him at his parents' home. *See Chuilu Liu*, 575 F.3d at 198–99. Zheng did not adequately demonstrate that he attempted to timely obtain documentation

4

to corroborate this aspect of his claim. His explanation in testimony before the IJ that he had not yet received letters mailed from China does not establish that the evidence was unavailable: he had more than two years to prepare for his hearing before the IJ and did not present the requested evidence later either, on appeal to the BIA. *See* 8 U.S.C. § 1252(b)(4). His objection to the weight the agency placed on the absence of this evidence does not suggest that it was unavailable or undercut the agency's determination to treat its absence as significant. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). Zheng's failure to meet his burden of proof for asylum is dispositive of all of his claims for relief. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5